**In re Catherine Duffy PETIT, Debtor.**

**Bankruptcy No. 93–20821.**

United States Bankruptcy Court,
D. Maine.

Jan. 17, 1996.

Stephen G. Morrell, Eaton, Peabody, Bradford & Veague, P.A., Brunswick, ME, for Chapter 7 Trustee.

Joseph V. O'Donnell, Chapter 7 Trustee, The Pilot Group, Portland, ME.

Stephen F. Gordon, Gordon & Wise, Boston, MA, for debtor.

Gerrard F. Kelley, Office of the U.S. Trustee, Portland, ME.

## ORDER GRANTING TRUSTEE'S APPLICATION TO EMPLOY ATTORNEY

ARTHUR N. VOTOLATO, Bankruptcy Judge.*

Heard on January 4, 1996, on the Motion to Employ Stephen G. Morrell, Esq., and the firm of Eaton, Peabody, Bradford & Veague, P.A., as attorneys for Trustee, Joseph V. O'Donnell. Subsequent to the hearing the Debtor filed an Objection, asserting that she has been prejudiced by the Trustee's failure to serve her with a copy of the Application, and alleging a conflict of interest in that the Applicants represent the firm of Bernstein, Shur, Sawyer & Nelson in an unrelated case pending before the United States District Court for the District of Maine.

■ Notwithstanding the Debtor's absence, a telephonic hearing was held to address the conflict issue, and based upon the representations of the Trustee, the Applicant, the United States Trustee, as well as the Debtor's memorandum, we find that an actual conflict of interest does not presently exist. Additionally, to ensure that all matters involving Bernstein, Shur, Sawyer & Nelson are properly and fully investigated, the Trustee has agreed, and the Court has ordered that the Trustee hire special, independent counsel to investigate, and to prosecute, if appropriate, all Bernstein, Shur matters.

■ Regarding Ms. Petit's due process concerns, Fed.R.Bankr.P. 2014(a) requires that the "application shall be filed and, unless the case is a chapter 9 municipality case, a

---

* Of the District of Rhode Island, sitting by designation.

copy of the application shall be transmitted by the applicant to the United States trustee." Nothing in the Code or Rules requires that the application be served on the Debtor or her Counsel. *See In re AroChem Corp.,* 181 B.R. 693, 696 (Bankr.D.Conn.1995).

Accordingly, the Trustee's Application to Employ Counsel is APPROVED, and the Debtor's Objection is overruled, on both procedural and substantive grounds.

Enter Judgment consistent with this opinion.